UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5:  14-074-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5:  16-367-DCR |
| V. | ) | |
| | ) | |
| ASHLEY SWARTZ, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Ashley Swartz's Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255.  [Record No. 370]  Swartz and several co-defendants pleaded guilty to one count of conspiring to distribute Oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1).  [Record No. 216]  On February 4, 2015, Swartz was sentenced to 87 months of imprisonment, followed by a term of supervised release of three years.  [Record No. 231]  Swartz filed her § 2255 motion on September 26, 2016. [Record No. 370]  The Court then directed her to respond to a number of issues to avoid dismissal.  [Record No. 372]  A review of Swartz' response establishes that she is not entitled to the relief sought.  Therefore, Swartz motion to vacate will be denied.

## I.

Swartz was involved in a conspiracy to distribute Oxycodone pills to various customers with co-Defendant Eric Gonzalez and others.  [Record No. 216, ¶ 3]  On September 27, 2014, law enforcement personnel observed Swartz and a second person involved in the conspiracy meeting with Rodney Johnson at a Pilot Truck Stop.  [*Id*.]  Following this meeting, a traffic

stop of Johnson's vehicle occurred.  During the traffic stop, the Oxycodone pills that Swartz had sold to Johnson were found.  Johnson admitted he had obtained the pills during the earlier encounter with Swartz.  [*Id.*]  Thereafter, Swartz provide approximately thirty Oxycodone pills to another customer during a meeting in a women's restroom of the truck stop.  [*Id.*]  Swartz then met with Gonzalez and paid for some of the pills that had been fronted to her.  [*Id.*]

Swartz was arrested on unrelated drug-trafficking charges on November 26, 2013.  [*Id.*]  During a subsequent interview, she admitted to participating in a drug trafficking conspiracy with Gonzales and others.  [*Id.*]  The parties ultimately entered into a written Plea Agreement under which Swartz acknowledged responsibility for distributing pills having an equivalency of 100 to 400 kilograms of marijuana.  [*Id.*][1]

The terms of the Plea Agreement provided several waivers agreed to by Swartz.  Specifically, Swartz agreed that she would "not file a motion for a decrease in offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 . . . ."  [*Id.* at ¶ 7]  Additionally, she agreed that, "[e]xcept for claims of ineffective assistance of counsel," she waived "the right to attack collaterally the guilty plea, conviction, and sentence."  [*Id.* at ¶ 8]

Swartz did not receive a role reduction.  As a result, her Total Offense Level of 21 (calculated according to the amount of drugs attributed to her, reduced by three levels for timely acceptance of responsibility) and Criminal History Category V resulted in a non-binding guideline range of imprisonment of 70 to 87 months.  Swartz did not object to relevant

---

[1] Swartz admitted to distributing an average of 160 Oxycodone pills each week for approximately 10 weeks from mid-September 2013 through the date of her arrest on November 26, 2013.  [See Record No. 216, ¶ 3.]  The nature and duration of this drug trafficking activity would not qualify Swartz for a role reduction under the subject amendment even if Swartz had not waived her right to seek such a reduction.

-2-

information contained in the Pre-sentence Investigation Report and was sentenced at the top of her guideline range.  [Record No. 231] And she did not seek to appeal the sentence imposed. The judgment became final fourteen days following entry of the judgment on February 5, 2015.

## II.

In seeking relief under 28 U.S.C. § 2255, a defendant may assert that: the sentence was imposed in violation of the United States Constitution or federal law; the Court lacked jurisdiction; his or her sentence exceeded the maximum penalty authorized by law; or the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  A defendant will only prevail on a claim of nonconstitutional error if she is able to show a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process."  *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

## II.

A knowing and voluntary waiver in a plea agreement is enforceable.  *United States v. Pettway*, 99 Fed. Appx. 731, 733 (6th Cir. 2005) (citation omitted).[2]  Here, Swartz waived the right to collaterally attack her sentence, except for grounds of ineffective assistance of counsel. [Record No. 231, ¶ 8]  Swartz now seeks to collaterally attack her sentence, but her challenge is not based on a claim that her attorney was ineffective.  Thus, under the clear terms of her plea agreement, Swartz is not permitted to maintain the present action attacking her sentence. Swartz does not address this issue in her response, and does not provide any reason that this Court should decline to enforce this waiver.  As a result, Swartz is not entitled to relief.

---

[2]  Swartz does not assert that her guilty plea was unknowing or involuntary.  Likewise, she does not assert actual innocence.

In addition to waiving the right to collateral review under a § 2255 motion, Swartz also waived the right to pursue the specific issue that she raises in her motion. Under § 3B1.2, a sentencing court may reduce a defendant's offense level if the defendant played only a minimal or minor role in the offense. U.S.S.G. § 3B1.2. Swartz's motion and response to this Court's Order focus on her belief that she was entitled to a reduction for her lesser role under § 3B1.2 at the time of sentencing, and that Amendment 794 entitles her to that reduction at this time. [Record Nos. 370, 376] However, Swartz waived the right to "file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 . . . ." [Record No. 216, ¶ 7] As a result, she could not make this argument at the time of sentencing. Amendment 794 does not give Swartz the right to seek the role reduction now.

Swartz is correct that Amendment 794 applies retroactively. The amendment added a list of factors in the commentary that district courts should consider when determining whether to apply a role reduction under § 3B1.2. U.S.S.G. § 3B1.2 cmt. n. 3(C) (2015). As the Sixth Circuit recently has held, this is a clarifying amendment that applies retroactively. *United States v. Carter*, Nos. 15-3618/15-3643, 2016 U.S. App. LEXIS 18122, at *14-17 (6th Cir. Oct. 3, 2016) (citing *United States v. Quintero-Layva*, 823 F.3d 519, 523 (9th Cir. 2016)).

In *Carter*, the defendant argued at sentencing that she was entitled to a role reduction under § 3B1.2. However, the district court concluded that the reduction was not appropriate. The sentencing hearing was held before Amendment 794 became effective. Therefore, the Sixth Circuit remanded for re-sentencing, concluding that the defendant was entitled to have the role reduction evaluated in light of the factors outlined in Amendment 794. *Id*. at *17.[3]

---

[3] Unlike the defendant in *Carter*, Swartz did not argue entitlement to a role reduction during her sentencing hearing. She instead waived that right as part of her plea agreement. Accordingly,

While Amendment 794 applies retroactively, retroactivity is on no consequence here. Swartz asserts a nonconstitutional error. Where a defendant makes such a claim, he or she will only prevail if the alleged error amounts to a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990); *see also Jones v. United States*, 161 F.3d 397 (holding that an error in applying the Sentencing Guidelines does not warrant collateral relief "absent a complete miscarriage of justice"). In this case, the Amendment is of no consequence because the Court did not err by not applying Amendment 794, much less commit an error that amounted to "a complete miscarriage of justice" or a due process violation.

Swartz's motion also is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations. Under § 2255(f)(1), the limitations period begins to run at the latest of one of four dates: (1) "the date on which the judgment of conviction becomes final"; (2) the date that a Government impediment to making the  motion is removed; (3) "the date on which the right asserted was initially recognized by the Supreme Court"; and (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Swartz's motion is time-barred because she filed it well after the date on which the judgment became final (i.e., fourteen days following entry of the Judgment on February 5, 2015). [Record No. 231]

---

even if Amendment 794 had been in effect at the time of sentencing, it would not affected whether Swartz received a reduction for her role in the offense of conviction.

Swartz argument that her motion is timely because the subject amendment did not take effect until November 1, 2015, is unavailing because it does not fall within any of the four categories outlined above.   The first three subsections are clearly inapplicable,   Further, Section 2255(f)(4) only permits a later date for the limitations period if the claimant has discovered new *facts*.  Swartz does not make such a claim in her motion.[4]  Accordingly, her motion is untimely.

Finally, Swartz is not entitled to a certificate of appealability.  Under *Slack v. McDaniel*, 529 U.S. 473, 478 (2000), Swartz must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct  in its procedural ruling."  Because Swartz has not raised the denial of a constitutional right, and no jurist of reason would debate the Court's procedural ruling, denial of a certificate of appealability is appropriate.

## III.

For the reasons outlined above, it is hereby **ORDERED** as follows:

1.     Defendant Ashley Swartz's motion to vacate under 28 U.S.C. § 2255 [Record No. 370] is **DENIED**.

2.     A Certificate of Appealability shall not issue.

3.     A separate Judgment will issue this date.

---

[4]  As the Sixth Circuit noted, the language of USSG § 3B1.2 did not change; only the commentary changed. *Carter, supra* at 16.

This 7th day of November, 2016.



Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**